UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Dion Ivey,

                          Plaintiff,              CV-05-2207 (CPS)

     - against -                                 MEMORANDUM OPINION
                                                 AND ORDER
Kawasaki Rail Car, Inc., and
Patrick McKuhen,

                          Defendants.

----------------------------------------X

SIFTON, Senior Judge.


     Plaintiff Dion Ivey brings this action pursuant to 42 U.S.C.

§ 1983 and the Americans with Disabilities Act (ADA) seeking

damages against Defendants, Kawasaki Rail Car, Inc. and Patrick

McKuhen.[1]  Specifically, plaintiff claims that defendants, in

violation of 42 U.S.C. § 1983 and the ADA, failed to accommodate

his requests to stop working night shifts, denied him admission

into Kawasaki's substance abuse program, and terminated his

employment based on his race and status as a substance abuser.

Presently before the Court is defendants' motion to dismiss

plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  For the following reasons, the

defendant's motion is granted.

---

[1]Defendants state that the defendant's name is actually spelled "Patrick
McKeown."

**BACKGROUND**

The following facts are drawn from the First Amended Complaint, and are viewed in the light most favorable to Ivey, the non-moving party. *See Patel v. Searles*, 305 F.3d 130, 135 (2d Cir. 2002).

Plaintiff Dion Ivey ("plaintiff" or "Ivey"), an African-American male, is a resident of the state of New York. He was employed by defendant Kawasaki from 1986 through December 22, 2004 as an Assistant Manager in charge of quality control. Defendant Kawasaki Rail Car, Inc. ("Kawasaki") is a domestic corporation organized and existing under the laws of the State of New York and with its principal place of business in New York, which is in the business of manufacturing and selling rail cars.[2] Defendant Patrick McKuhen ("McKuhen") was plaintiff's supervisor at Kawasaki during all relevant times, "and each act of decision making hereinafter described that adversely affected the plaintiff, was substantially made by defendant McKuhen under the scope of his agency and/or authority and/or employment with defendant Kawasaki Rail Car, In., which ratified each such act of

---

[2]Defendants have provided this Court with the Annual Report of Kawasaki Heavy Industries, Ltd., the company that wholly owns Kawasaki Rail Car, Inc. This Court is permitted to take judicial notice of this document, because it was filed with the U.S. Securities and Exchange Commission (*see* http://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001017796). *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (in deciding a Rule 12(b)(6) motion, "a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (*quoting* Fed. R. Evid. 201(b)(2)).

decision making...."

On August 8, 2001, plaintiff filed a complaint with the New
York State Division of Human Rights ("NYSDHR") and the Equal
Employment Opportunity Commission (EEOC) based on a failure by
defendant Kawasaki to promote him due to age and race
discrimination.  No claim was made with respect to any
disability.  The NYSDHR returned a "No Probable Cause"
determination, and the EEOC adopted the NYSDHR's determination
and sent plaintiff a right-to-sue letter.  No litigation ensued
within the ninety (90) days allowed for in the letter.[3]

Plaintiff alleges that thereafter, from 2002 to 2004, white
employees of defendant Kawasaki, including a John Prestipino, who
did not want to work nights were reassigned, and their desires
were accommodated.  However, plaintiff, who expressed a desire
not to work nights in order to spend time with his asthmatic son,
was informed by defendants that he would be suspended if he did
not work nights.

Also between October 2004 to December 22, 2004, plaintiff
became addicted to alcohol.  In October 2004, plaintiff was
hospitalized due to alcohol abuse and missed one week of work as

[3]Defendants have provided this Court with copies of the NYSDHR's
"Determination and Order after Investigation," and the EEOC's "Dismissal and
Notice of Rights."  Because these documents are public record, they may be
considered at this stage of the proceedings.  *See Blue Tree Hotels Inv. (Canada),
Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir.
2004)(courts may "look to public records, including complaints filed in state
court, in deciding a [Rule 12(b)(6)] motion to dismiss").

a result of his hospitalization.  In order to keep his job and be
admitted into Kawasaki's substance abuse program, he was required
by defendants on his return to work to submit medical
documentation of his addiction and hospitalization.  Plaintiff
alleges that this requirement was "unduly burdensome" and
"onerous," and that white employees were routinely accepted into
the substance abuse program without having to produce such
documentation.  Plaintiff further states that though he was
qualified for admission into the program, "he was arbitrarily,
irrationally, and unjustly refused admission into the program."

On December 22, 2004, allegedly due to plaintiff's failure
to fulfill the requirement of providing medical documentation,
defendants terminated plaintiff's employment.

In his first amended complaint, plaintiff alleges that:

> "The aforementioned conduct of defendants, in failing to
> so accommodate plaintiff, an African-American Male, and
> in failing to enroll him in defendant Kawasaki Rail Car,
> Inc.'s substance abuse program, and/or the termination of
> the plaintiff, was wrongful, intentional, without
> justification and/or probable cause, and was part of a
> substantial and continuous pattern of wrongdoing
> perpetrated by the defendants against African-Americans,
> and plaintiff was therefore not reassigned and/or
> terminated and/or not promoted, and/or not accepted into
> the substance abuse program, due to his race, and was
> thereby denied equal rights, privileges and immunities
> protected under law pursuant to 42 U.S.C. Section 1983."

Plaintiff further alleges that the defendants "discriminated
against plaintiff on the basis of his disability in denying him
full and equal enjoyment of the goods, services, facilities,

privileges and/or advantages of the defendant" in violation of

the Americans with Disabilities Act (ADA). Plaintiff filed his

original complaint with this Court on May 5, 2005, and he filed

his First Amended Complaint on October 12, 2005.[4]

Defendants move to dismiss plaintiff's Amended Complaint

pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds:

(1) plaintiff's § 1983 claim fails because defendants are not

state actors, and (2) plaintiff's ADA claimed is barred because

he has failed to exhaust available administrative remedies.

For the reasons that follow, defendants' motion to dismiss

is granted.

## DISCUSSION

This Court has jurisdiction over the present action pursuant

to 28 U.S.C. § 1343, which creates jurisdiction over actions

arising under 43 U.S.C. § 1983, and 28 U.S.C. § 1331, which

creates jurisdiction over other civil actions arising under

federal law.

Defendants seek dismissal of plaintiffs' complaint for

failure to state a claim upon which relief can be granted under

Rule 12(b)(6). In considering a motion pursuant to Rule

12(b)(6), a court should construe the complaint liberally,

"accepting all factual allegations in the complaint as true, and

---

[4]Plaintiff's original complaint alleged only a claim under § 1983. His
first amended complaint added a claim under the ADA.

drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)(citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)), although "mere conclusions of law or unwarranted deductions" need not be accepted. *First Nationwide Bank v. Helt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. V. Town of Darien*, 56 F.3d 375,378 (2d Cir. 1995). Dismissal is appropriate only when it "appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80,83 (2d Cir. 2000). A complaint should also be dismissed under Fed. R. Civ. P. 12(b)(6) if the Court finds that the plaintiff's claims are barred as a matter of law. *Conopco, Inc. v. Roll Intern.*, 231 F.3d 82, 86 (2d Cir. 2000). A Court is permitted to take into account the contents of documents attached to or incorporated in the complaint. *Colmas v. Harsett*, 886 F.2d 8,13 (2d Cir. 1989).

### *Section 1983 Claim*

Plaintiff claims that defendant's failure to accommodate him, refusal to admit him in the substance abuse program, and ultimate termination of his employment constituted a denial of equal protection in violation of 42 U.S.C. § 1983. § 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State... subjects,
> or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to
> the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity, or
> other proper proceeding for redress.

In order to allege a § 1983 claim, a plaintiff must (1) "allege the violation of a right secured by the Constitution and laws of the United States" and (2) "show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants argue that plaintiff's § 1983 claim must be dismissed because plaintiff has not shown, and cannot show, that defendants are state actors.

Defendant Kawasaki is a private corporation engaged in the business of manufacturing and selling rail cars. "[A] private party may be held a state actor when the complained of conduct results from a state agent's encouragement or command, the state and private actor jointly participate in depriving plaintiff of his rights, the granting of benefits to a private actor by the state inseparably links them together, or the private actor undertakes to perform activities ordinarily exclusively engaged in by government." *Dahlberg v. Becker*, 748 F.2d 85, 92 (2d Cir. 1984). It is not disputed that the first two prongs of this test

are not met in the present case, since plaintiff has not alleged the involvement of any government official.

The sole paragraph in the amended complaint addressing the issue of whether defendants were state actors for the purposes of § 1983 alleges, "[a]t all times hereunder, defendants acted under color of State law and/or were state actors and/or were private actors substantially performing activities and/or rehabilitative programs ordinarily exclusively engaged in by the government." Defendants argue that plaintiff has failed to show that defendants were state actors within the meaning of § 1983 because mere conclusory allegations that defendants were state actors in the complaint will not suffice to state a claim under § 1983, and because, in any event, plaintiff cannot show that defendants were state actors under *Dahlberg*.

It is well settled that although allegations in the complaint must be taken as true when deciding on a Rule 12(b)(6) motion to dismiss, a conclusory allegation that defendant, a private entity, was acting under color of state law, without supporting facts, does not suffice to state a claim under § 1983. *See Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992); *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002); *Fabrikant v. French*, 328 F.Supp.2d 303, 308 (N.D.N.Y. 2004); *Rivoli v. Gannett Co., Inc.*, 327 F.Supp.2d 233, 245 (W.D.N.Y. 2004); *Marrero v. City of NY*, 2003 WL 1621921, 4

(S.D.N.Y. 2003); *Brown v. Northeast Nuclear Energy Co.*, 48
F.Supp.2d 116, 123 (D.Conn. 1999).

Plaintiff does not dispute that his allegations are
conclusory and not supported by any facts alleged in the
complaint.  Instead, he argues that he should be allowed to
conduct discovery to support his allegations, given that all of
the information that could support the allegation that Kawasaki
is a state actor is in the exclusive dominion, possession, and
control of the defendant.

However, as stated above, dismissal is appropriate when it
"appears beyond a doubt that the plaintiff can prove no set of
facts which would entitle him or her to relief."  *Sweet*, 235 F.3d
at 83.  Defendant Kawasaki Rail Car, Inc. is a private
corporation whose principal business is the manufacture and sale
of rail cars.  The manufacture and sale of rail cars is obviously
not an activity exclusively performed by the government.
Accordingly, in its principal business Kawasaki does not
undertake to perform activities ordinarily exclusively engaged in
by government.  *Dahlberg*, 748 F.2d at 92.  Plaintiff argues,
however, that because defendant Kawasaki has a substance abuse
program, it is performing activities ordinarily exclusively
engaged in by the government.  This argument fails.  As the
Supreme Court held in *Rendell-Baker v. Kohn*, 457 U.S. 830, 842
(1982), "our holdings have made clear that the relevant question

is not simply whether a private group is serving a 'public function.'  We have held that the question is whether the function performed has been 'traditionally the *exclusive* prerogative of the State.'" (*quoting Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974)).  In that case, the Court held that even a school for maladjusted students was not a state actor simply by virtue of the fact that it performed a public function.  *Id.* (stating, "[t]here can be no doubt that the education of maladjusted high school students is a public function, but that is only the beginning of the inquiry...That a private entity performs a function which serves the public does not make its acts state action.")  Here, there is no dispute that assistance with substance abuse problems is not an activity performed *exclusively* by the government.  As defendants point out, several private programs (Alcoholics Anonymous, for example) exist which assist individuals with alcohol and substance abuse; thus, Kawasaki's substance abuse program does not constitute state action for the purposes of § 1983.

To the extent that plaintiff's complaint and submissions can be viewed as arguing that defendant Kawasaki is a state actor by virtue of the fact that it engages primarily or solely in contracts with the government and is thus inseparably linked to the state, that argument also fails.  The Supreme Court has held that acts of "private corporations whose business depends

primarily on contracts to build roads, bridges, dams, ships, or submarines for the government...do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker*, 457 U.S. at 840-841 (1982).

Accordingly, plaintiff's § 1983 claim must be dismissed.[5]

### ADA Claim

Plaintiff also brings a claim for relief under the Americans with Disabilities Act (ADA).  Defendants contend that plaintiff's ADA claim must be dismissed because the claim was untimely filed and was filed without the jurisdictional prerequisite of obtaining a right-to-sue letter from the EEOC.  The ADA, 42 U.S.C. §§ 12101 et seq., uses the filing provisions of Title VII of the Civil Rights Act, embodied in 42 U.S.C. § 2000e-5.  Before filing a disability action in federal court, the future plaintiff must first file a charge with the EEOC within 180 days of the allegedly improper employment practice or within 300 days if the future plaintiff first files with a state or local agency.

---

[5]To the extent plaintiff's complaint can be construed as alleging a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), that claim also fails because plaintiff has failed to exhaust his administrative remedies. *See McFarland v. Metro-North Commuter R.R.*, 993 F.Supp. 210, 210 (S.D.N.Y. 1998).  A claim under the New York State Human Rights Law ("NYSHRL") or the New York City Human Rights Law ("NYCHRL") would also be barred, because plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR"), and the NYSDHR issued a "No Probable Cause" determination, but plaintiff did not appeal the decision within the prescribed time period. *See Blackmon v. UNITEA*, 2005 WL 2038482, 15 (S.D.N.Y. 2005); N.Y. Exec. Law § 297(9).

Plaintiff states that he filed a complaint with the NYSDHR and EEOC on August 8, 2001; however, this complaint was filed prior to occurrence of any of the events complained of by plaintiff, which began in 2002. In addition, by his own admission, plaintiff's EEOC complaint alleged age and race discrimination, not disability discrimination.

"A district court only has jurisdiction to hear...claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts v. City of New York Dept. of Housing Preservation and Development*, 990 F.2d 1397, 1401 (2d Cir. 1993) (*citing Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198 (2d Cir. 1985); *Almendral v. New York State Office of Mental Health*, 743 F.2d 963, 967 (2d Cir. 1984); *Goodman v. Heublein, Inc.*, 645 F.2d 127, 131 (2d Cir. 1981); *Kirkland v. Buffalo Bd. of Educ.*, 622 F.2d 1066, 1068 (2d Cir. 1980)). In his EEOC complaint, plaintiff alleged that defendant Kawasaki refused to promote him due to his race or age. The NYSDHR found that there was no pattern of discrimination based on race or age. In fact, the NYSDHR noted that plaintiff was 41 years old when he filed his complaint, and the position he sought was offered to an individual older than plaintiff. The EEOC adopted the NYSDHR's findings and issued a right-to-sue letter on June 12, 2003. That

right-to-sue letter expired 90 days later without suit being
filed.  Because the conduct currently complained of was not the
subject of or reasonably related to the EEOC complaint, this
Court lacks jurisdiction to hear plaintiff's ADA claim.

Even if the conduct complained of was related to the EEOC
complaint, plaintiff's ADA claim would be time barred because his
right-to-sue letter expired well before his present complaint was
filed.

Accordingly, plaintiff's ADA claim must also be dismissed.

**CONCLUSION**

For the reasons set forth above, defendant's motion to
dismiss the First Amended Complaint is granted, and the complaint
is dismissed in its entirety.

The Clerk is directed to furnish a filed copy of the within
to all parties and to the magistrate judge.


SO ORDERED.

Dated :   Brooklyn, New York
          November 23, 2005


                        By: /s/ Charles P. Sifton (electronically signed)
                            United States District Judge